UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-10369-AB (JEMx) | Date: | January 15, 2021 |
|---|---|---|---|

Title: *Jacob Fowler v. Fever Labs Inc. et al.*

---

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>GRANTING</u> PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 17] and <u>DENYING AS MOOT</u> DEFENDANTS' MOTION TO DISMISS [Dkt. No. 18]

Before the Court is Plaintiff Jacob Fowler's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 17). Defendants Fever Labs, Inc. and Byron Thompson ("Defendants") filed an opposition and Plaintiff filed a reply. For the following reasons, the Motion for Remand is **GRANTED**. Defendants' concurrently-filed Motion to Dismiss is **DENIED AS MOOT**.

### I. BACKGROUND

Plaintiff filed this action in state court, alleging claims for (1) discrimination, (2) harassment, (3) retaliation, (4) failure to prevent discrimination, retaliation, and harassment, and (5) nonjob related inquiries, all in violation of California's Fair Employment and Housing Act ("FEHA"); (6) retaliation in violation of California Labor Code § 98.6; and (7) retaliation in violation of the California Labor Code § 1102.5. *See generally* First Amended Compl. ("FAC," Dkt. No. 1-2). The gist of Plaintiff's FAC is that his co-worker, defendant Byron Thompson, among others,

made demeaning and offensive comments toward Plaintiff regarding his religion and faith, and that when Plaintiff complained to his supervisors, they failed to remedy them, gave Thompson preferential treatment, and later terminated Plaintiff.

Fever Labs removed the action on the basis of diversity jurisdiction, arguing that although Plaintiff and defendant Thompson are both citizens of California and therefore non-diverse, Thompson is a sham defendant so his citizenship should be disregarded. As Plaintiff and Fever Labs are of diverse citizenship, and the amount in controversy is satisfied, disregarding Thompson would vest this Court with diversity jurisdiction. Plaintiff now moves for remand, arguing that Thompson is a proper defendant and not a sham. Plaintiff also seeks to recover his attorneys' fees.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a) ("Section 1441"), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332 ("Section 1332"), a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not imply any intent to deceive on the part of a plaintiff or his counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd* 710 F.2d 549 (9th Cir. 1983), *impliedly overruled on other grounds in Milkovich v. Lorain Journal Co.,* 497 U.S. 1 (1990). The relevant inquiry is whether the plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is "obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339 (emphasis added); *see also Morris*, 236 F.3d at 1067. Moreover, "[b]ecause the court must resolve all doubts against removal, we employ a presumption against fraudulent joinder." *Macey v. Allstate Prop. & Cas.*

*Ins. Co.*, 220 F. Supp. 2d 1116, 1117-1118 (N.D. Cal. 2002) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Thus, "the court must resolve all material ambiguities in state law in plaintiff's favor," and "[w]hen there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." *Id.*; *accord Briano v. Conseco Life Ins. Co.,* 126 F. Supp. 2d 1293, 1297 (C.D. Cal. 2000).

  The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (brackets in original); *Macey*, 220 F. Supp. 2d at 1117 ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in original).

  In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant. This is because " 'the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.' " *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing with approval *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-574 (5th Cir. 2004) (en banc)).

  The removal statute is "strictly construe[d] against removal jurisdiction." *Gaus*, 980 F.2d at 566. Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

### A. Thompson Is Not a Sham Defendant

Plaintiff alleges one claim against non-diverse defendant Thompson: the second count, for harassment in violation of FEHA. Defendants argue that Thompson is a sham defendant because Plaintiff cannot assert any colorable FEHA claim against Thompson. The Court will review the claim to determine whether there is any possibility that Plaintiff can establish it against Thompson.

A claim for harassment under FEHA requires a plaintiff to establish that (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). Actionable harassment "cannot be occasional, isolated, sporadic, or trivial[;] rather, the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature...." *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (2010), *citing Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 129 (1999).

Defendants argue that the harassment that Plaintiff alleges involving Thompson was not sufficiently severe or pervasive to establish this claim. The Court disagrees. Defendant argues that there are only two specific allegations that Thompson engaged in potential harassment four months apart, and that the remaining allegations are too vague to support a claim. On its face, this argument fails to show that there is *no possibility* that Plaintiff can establish his claim or that he has *not even a glimmer of hope*. California law provides that even "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment." Cal. Gov. Code § 12923(b). The California Court of Appeals has explained that "there is neither a threshold 'magic number' of harassing incidents that give rise…to liability…nor a number of incidents below which a plaintiff fails as a matter of law to state a claim." *Dee v. Vintage Petroleum, Inc.*, 106 Cal. App. 4th 30, 36 (2003) (citation omitted).

Defendants also mischaracterize Plaintiff's allegations of harassment. Plaintiff alleges more than two isolated incidents and instead alleges ongoing harassment over several months. Plaintiff alleges that from March 2019 through July 2019, Thompson publicly made regular offensive comments to Plaintiff about his religious beliefs. FAC ¶¶ 23, 28, 46, 48. These include interrogating Plaintiff about Christian doctrine and texts, challenging Plaintiff to defend his beliefs,

telling Plaintiff that Christian teachings were completely irrational and patronizing Plaintiff for his devout faith, several times per week. *Id.* ¶ 23, 28. In one alleged example from July 2019, Thompson asked Plaintiff to the effect " 'So, let me ask you something, you're Christian, right? Okay, but the part about this motherfucker dying and coming back to life – you don't really believe that do you?' Plaintiff responded that he did believe in the resurrection of Jesus Christ. Defendant THOMPSON interrupted Plaintiff, laughing and saying, 'No way, no way.' Defendant THOMPSON then condescendingly said, to the effect, 'What? How? You really believe some dude died and came back to life?' Plaintiff said yes, and told Defendant THOMPSON that this discussion was not appropriate and made him uncomfortable. Plaintiff was angry, humiliated, and embarrassed by Defendant THOMPSON's uncalled for interrogation and insult of Plaintiff's religion and beliefs." *Id.* ¶ 46. Such comments "were consistent with those [Thompson] regularly made regarding Plaintiff's religion from in or around May 2019 through July 2019 on a regular basis. Defendant THOMPSON either questioned Plaintiff's Christian beliefs, insulted him for having strong Christian faith, and made other offensive comments regarding Christianity and/or Plaintiff's beliefs." *Id.* ¶ 46.

Given California law cited above, Defendants have not shown that such allegations cannot possibly establish a claim, or that any deficiencies cannot be remedied by amendment. Defendants also argue that the fact that Thompson is Plaintiff's co-worker and not a supervisor should be considered in determining whether the alleged comments can state a claim. But, as Defendants implicitly acknowledge, harassing comments do not cease to be harassing merely because they are made by a co-worker and not a supervisor. Indeed, FEHA makes it unlawful for an employer *or any other person* to harass an employee on the basis of religious creed. Cal. Gov. Code § 12940(j)(1). Defendants have not shown that Thompson being a mere co-worker invalidates Plaintiff's claim on its face.

The Court concludes that Thompson is not sham defendant so his citizenship must be considered. Because both Thomson and Plaintiff are California citizens, the Court lacks diversity jurisdiction over this case and it must be remanded.

### B. The Removal Lacked an Objectively Reasonable Basis So The Court Awards Plaintiff His Attorneys' Fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (c). Fees may be awarded under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v.*

*Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Such an award of fees "is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

Here, the removal was objectively unreasonable. Defendants argue only that Plaintiff's allegations do not establish severe or pervasive harassment, but they mischaracterize Plaintiff's allegations and disregard California law. In making this argument, Defendant also state that Thomson's status as a co-worker should weigh in assessing the severity of the alleged harassment, but this argument itself shows that it is not obvious that Plaintiff's claim against Thompson *must* fail. Defendants also fail to show that amendment would not cure any defects, and fail to account for their high burden of proving fraudulent joinder. The removal was therefore objectively unreasonable and the Court will award Plaintiff his attorneys' fees.

Plaintiff requests $7,060.50 in fees incurred on the motion, and submitted the appropriate attorney declarations and time records. *See* Decls. of You, Ruiz, and Osborne (Dkt. Nos. 17-3 to 17-4). Attorney You anticipated spending another 4 hours at $300/hour, for a total of $1,200, on the reply. The total fees are therefore $8,260.50. The fees were reasonably incurred, the tasks were performed by the appropriate level of counsel, the quality of the motion and the reply reflects that the claimed hours were invested in them, and the hourly rates are reasonable. The Court therefore awards Plaintiff his attorneys' fees in the amount of $8,260.50, reflecting counsel's work on the moving papers and the reply.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Remand (Dkt. No. 17) and **AWARDS** Plaintiff his reasonable attorneys' fees of $8,260.50. Defendants' Motion to Dismiss (Dkt. No. 18) is **DENIED AS MOOT**.

The Clerk of Court shall remand this case to the state court from which it was improvidently removed.

**IT IS SO ORDERED**.